# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| HANNAH KLEIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil No. 04-2261 (RCL) |
| v. ) | |
| ) | |
| UNITED STATES OFFICE ) | |
| OF PERSONNEL MANAGEMENT, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM OPINION

This matter comes before the Court on defendant United States Office of Personnel Management's ("OPM") Motion [6] for Summary Judgment pursuant to Rule 56(b) of the Federal Rules of Civil Procedure. Plaintiff Hannah Klein brought suit on December 30, 2004, seeking payment for medical benefits under the Federal Employees Heath Benefit Act ("FEHBA"), 5 U.S.C. § 8901 (2000). OPM argues that the denial of benefits was proper becauses the testing, diagnosis and treatment were medically unnecessary. Also, OPM states that the denial of benefits should be affirmed as administrative decisions are entitled to deference pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A). Upon consideration of defendant's motion, memorandum in support thereof, opposition thereto and the entire record herein, the Court shall grant OPM's Motion [6] for Summary Judgment.

## BACKGROUND

Ms. Klein is a federal employee who was enrolled in and covered by the Mail Handlers Benefit Plan ("Plan")) under a procurement contract between OPM and the National Postal Mail

Handlers Union.  (Compl. 2.)  From July 2001 through November 2002, Ms. Klein received

services at Woodlands Healing Research Center ("Provider") for a diagnosis of Allergic Rhinitis,

Asthma, and Irritable Bowel Syndrome ("IBS").  (Def.'s Mem. Supp. Summ. J. 6.)  Testing

consisted of subcutaneous injections of food antigens.  (Id.)  In December 2002, Ms. Klein and

her Provider submitted claims to the Plan seeking payment for the medical examinations, allergy

testing, and injectable antigens.  (Compl. 2.)  The Plan first denied the claim for benefits in

January 2003 reasoning that the services billed did not appear to be necessary to treat the listed

diagnoses.  (Def.'s Ex. A.)  The Provider then submitted a revised claim to the Plan who

reviewed the claim once more.  (Id.)  The Plan requested copies of medical records, doctors'

notes, treatment plans, results of testing and any other documentation to determine whether

benefits were available.  (Id.)  On December 19, 2003, the Plan notified Ms. Klein that her claim

was being denied as not medically necessary.  (Def.'s Mem. 6.)  Ms. Klein appealed the denial to

OPM on March 16, 2004.  (Id.)  After an independent medical review, OPM notified Ms. Klein

on May 24, 2004, that the denial was affirmed and informed her of her right to bring suit in

federal district court.  (Id.)  On December 20, 2004, Ms. Klein filed the present complaint.

## DISCUSSION

Summary judgment is appropriate when "the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law."  Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322

(1986).  To determine which facts are material, a court must look to the substantive law on which

each claim rests.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A genuine issue is

one whose resolution could establish an element of a claim or defense and consequently affect the outcome of the action.  Celotex, 477 U.S. at 322.

In ruling on a motion for summary judgment, the Court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. Liberty Lobby, 477 U.S. at 255.  If summary judgment is denied, there must be evidence on which the jury could reasonably find for the non-moving party.  Id. at 252.  A nonmoving party must establish more than a "mere existence of a scintilla of evidence" in support of its position. Id.  Furthermore, if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," summary judgment may be granted. Celotex, 477 U.S. at 322.

Pursuant to Liberty Lobby, the burden of proof for summary judgment mirrors the substantive evidentiary standard that would apply at trial.  477 U.S. at 254.  Since this is a review of an administrative agency's interpretation of a rule and is governed by the APA, § 706(2)(A) mandates that the standard of review is whether the decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  Accordingly, when determining if a genuine issue of fact regarding the denial of benefits exists, the Court must bear in "mind the actual quantum and quality of proof necessary to support liability" under the APA.  Liberty Lobby, 477 U.S. at 254.

To determine whether an agency has acted in an arbitrary or capricious fashion, a reviewing court must consider whether the agency decision "was based upon a consideration of the relevant factors and whether there has been a clear error in judgment." Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 416 (1971). While the court must carefully scrutinize

the facts material to a particular decision, "the ultimate standard of review is a narrow one." Id.;

see Bowman Transp. Inc. v. Arkansas-Best Freight Sys., Inc., 419 U.S. 281, 285-86 (1974).

As a preliminary matter, there is no genuine issue of material fact here.  In her Response,

Ms. Klein disputes only a single factual allegation.  Ms. Klein submits an article discussing that

there may be a link between IBS and food allergens, thus making the testing and treatment

appropriate.  (Pl.'s Resp. Ex. A.)  However, the article discussing the link is inconclusive.  In

fact, the article recognizes that the link is far from a medical certainty and only raises the specter

of an indication of such a link.  (Id.)  Given the attenuated nature of the link and the deference

owed to administrative interpretations of regulations, the Court finds that there is no genuine

issue of material fact on this issue.  Furthermore, since Ms. Klein did not submit any  affidavits,

declarations or documentary evidence contradicting all other factual assertions supporting OPM's

Motion, the Court accepts as true OPM's factual allegations.

Ms. Klein has not met her burden of showing that the decision was arbitrary and

capricious.  OPM denied the claim because the services were not medically necessary.

Specifically, OPM argues that the services were not appropriate to diagnose or treat Ms. Klien's

condition, illness, or injury and were inconsistent with standards of good medical practice in the

United States.  The finding that the diagnosis and treatment were inappropriate was based on

relevant factors and was not clear error.  First, the relationship between IBS and food allergies is

tenuous at best.  (Def.'s Ex. G.)  Denial of a benefits claim for services rendered to treat a

diagnosis which rests upon flimsy medical evidence is not an arbitrary or capricious decision.

Second, OPM found that the services rendered were not medically necessary because WHRC did

not provide records indicating that Ms. Klein showed common symptoms of food allergies, *i.e.*,

"chronic diarrhea, weight loss, malabsorption, rashes, angioedema or episodes of anaphylaxis."

(Id.)  Without proper documentation of the diagnosis for allergies, OPM could not conclude that

the testing and treatment was appropriate for the diagnosis.

OPM's denial of the benefits since the services rendered were not consistent with

standards of accepted medical practice in the United States, was not arbitrary or capricious.

OPM found that the allergy evaluation was inappropriate.  (Id.)

> "An appropriate medical evaluation for allergies includes a detailed physician-
> generated history of specific food and seasonal antigen exposures.  Screening tests
> such as nasal smear of eosinophils and IgE level may be performed.  Limited
> standard prick and intradermal testing may be performed when warranted by
> correlation of history, physical findings, and positive results of screening tests."  (Id.)

OPM concluded that WHRC did not follow standard medical practice in diagnosing the allergen.

Additional, OPM found that the testing that did occur was inconsistent with standards of

appropriate medical practice.  OPM found that the provocation/neutralization testing is unproven

and lacks scientific validity.  (Id.)

In light of the uncertainty of the link between IBS and food allergies, the lack of proper

testing, questions raised regarding the validity and appropriateness of the testing employed, and

the deference owed to an agency's determination, the Court concludes that OPM's denial of the

benefits was based on relevant factors, was not clear error and thus was not arbitrary or

capricious.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment shall be granted.

A separate Order shall issue this date.


Signed by Royce C. Lamberth, United States District Judge, November 4, 2005.